{¶ 42} Shaw, J., concurs in part and dissents in part. I respectfully dissent from the conclusion of the majority that threats by the perpetrator of a criminal act to an eyewitness prior to any involvement by law enforcement are not sufficient as a matter of law to constitute intimidation of a witness under R.C. 2921.04(B).
 {¶ 43} First, a criminal act is not merely a private matter between individuals until such time as formal proceedings are instituted. Rather, from its inception, a criminal act also constitutes an offense against the state in violation of a specific statute. In this sense, a "criminal action" exists when the criminal act is *Page 27 
committed, whether or not the police ever get involved or formal proceedings are ever instituted.
 {¶ 44} Second, an eyewitness to a criminal act is potentially a witness, subject to the unique compulsion of state authority, from that point forward. As such, the intimidating effect of a threat upon a witness is just as effective a deterrent to the witness's later co-operation with police or participation in a criminal prosecution — and hence, just as violative of the statute — whether the threat occurred before police involvement or after.
 {¶ 45} As a result, I see no legitimate basis in the statute for distinguishing a threat to a person made at or near the time of the crime from the same threat made at or near the time of the trial. On the contrary, such a distinction seems to subvert the language and intent of the statute by arbitrarily decriminalizing threats made to potential witnesses where the threats are made prior to any police involvement. In reality, the chilling effect upon the justice system underlying R.C.2921.04(B) is exactly the same regardless of when the actual threat occurred.
 {¶ 46} For the foregoing reasons I would side with the decisions of the Fifth and Eighth appellate districts on this issue and overrule the first assignment of error. However, in all other aspects, including the certification of the matter to the Ohio Supreme Court for conflict, I concur with the decision of the majority herein. *Page 1